# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL D. CROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-1253 (RMC)** |
| | ) | |
| **G. WAYNE CLOUGH[1], Secretary,** | ) | |
| **Smithsonian Institution,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

At present, there is only one count remaining in this matter — Plaintiff's claim of retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. Before the Court are Defendant's Motion for Summary Judgment [Dkt. # 93], Plaintiff's Motion for Partial Summary Judgment [Dkt. # 94], and Plaintiff's Motion for Leave to Amend Complaint ("Pl.'s Mot. for Leave") [Dkt. # 102]. For the reasons enumerated below, the Court will deny all three motions.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), G. Wayne Clough is substituted as Secretary for his predecessor, Lawrence M. Small, Secretary of the Smithsonian Institution.

1995). Defendant seeks to make that showing with respect to Plaintiff's retaliation claim; Plaintiff seeks to make it with respect to Defendant's after-acquired evidence. As there are several material facts in dispute with respect to each issue, neither party can meet its burden. The cross motions for summary judgment must be denied.

Plaintiff also seeks leave to file a Second Amended Complaint pursuant to Federal Rules of Civil Procedure 15(c) and (d). Specifically, he wishes to add "front pay" to his prayer for relief. Under Rule 15(c), an amendment that "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading" is said to "relate[] back" to the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Here, Plaintiff "alleges that the Smithsonian's termination of his employment exacerbated his medical condition such that he can no longer work." Pl.'s Mot. for Leave to Amend [Dkt. # 102] at 3. Plaintiff alleges that he did not realize the extent of the harm Defendant's action caused until he attempted to return to work. In March 2008, after interviewing Plaintiff and reviewing several documents, Plaintiff's expert issued a report stating that Mr. Cross suffers from Post Traumatic Stress Disorder ("PTSD") and that the work environment at the Smithsonian triggers his symptoms such that he is unable to continue working there. *See id.*, Ex. 1 (Expert Report of Dr. Matsakis) at 12-13. In addition to amending his prayer for relief, Plaintiff wishes to supplement his Amended Complaint with this expert report, pursuant to Federal Rule of Civil Procedure 15(d).

The Court should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The "prolonged nature of a case" is not a determinative factor in considering whether the plaintiff may amend its complaint. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (concluding that the length of litigation is relevant only insofar as

it suggests bad faith or prejudice). Nonetheless, "denial is permitted if the amendment would result in delay or undue prejudice to the opposing party, or if a party has had sufficient opportunity to state a claim and has failed to do so." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987). Amendments at a very late stage that would require a defendant to conduct "extensive new discovery" are considered unduly prejudicial. *Id.*; *see also ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 44 (D.D.C. 2007) (denying plaintiff leave to amend where the motion came seven years into the case without sufficient reason for the delay). Plaintiff could have sought front pay as one alternative remedy in both his original and First Amended Complaints, filed in 2004 and 2005, respectively. He has undoubtedly had "sufficient opportunity" to raise this claim.

To the extent Plaintiff argues that his claim for front pay arises out of new facts — that is, his allegedly exacerbated PTSD — he fails to allege any new facts in his proposed Second Amended Complaint. The proposed Second Amended Complaint is identical to the First Amended Complaint except for the addition of front pay in its prayer for relief. Where a new complaint is factually duplicative of an older one, the court may deny a plaintiff leave to amend where such leave would prejudice the defendant. *See Wiggins v. Dist. Cabelvision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994) (where plaintiff sought to add two causes of action and an additional defendant but no new facts to his complaint, leave to amend was denied because plaintiff had "ample opportunity to state his causes of action in multiple lawsuits" and it would needlessly burden the additional defendant, who was already being sued by plaintiff in another matter).

Granting leave to amend in this instance would unduly prejudice Defendant. This case is five years old. Discovery has been closed for approximately one year. Plaintiff learned of

the allegedly exacerbated condition upon which he bases his current motion in March 2008, before the close of discovery, yet he did not seek to amend his Complaint until December 2008. Allowing the amendment would require the Court to reopen discovery in this matter so that Defendant might investigate the legal underpinnings of Plaintiff's new theory of relief and determine a course of action. Specifically, and at a bare minimum, Defendant would need to reopen Plaintiff's deposition and would seek discovery regarding Plaintiff's Veterans' Administration benefits for the purpose of determining whether Plaintiff is even eligible for the relief he seeks. Defendant also alleges that, after this additional round of discovery, it would likely file a renewed motion for summary judgment. Def.'s Opp'n to Pl.'s Mot. for Leave [Dkt. # 104] at 7. These factors weigh against granting Plaintiff's motion. *See Atchinson v. District of Columbia*, 73 F.3d 418, 427 (D.C. Cir. 1996) (finding it appropriate to deny leave to amend where amendment would likely have changed defendant's legal strategy and the information sought and produced in discovery); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (affirming denial of leave to amend where "plaintiffs' motion occurred more than a year after the filing of their initial complaint and after dispositive motions had been filed and opposed").

  For the foregoing reasons, it is hereby

  **ORDERED** that Defendant's Motion for Summary Judgment [Dkt. # 93] is **DENIED**; and it is further

  **ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Dkt. # 94] is **DENIED**; and it is further

  **ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [Dkt. # 102] is **DENIED**.

-4-

**SO ORDERED**.

Date:   July 17, 2009

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge