UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL CROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1253 (RMC) |
| ) | |
| G. WAYNE CLOUGH, Secretary, ) | |
| Smithsonian Institution, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Michael Cross sues the Secretary of the Smithsonian Institution for allegedly terminating his employment due to Mr. Cross's protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  Mr. Cross earlier prevailed before the Merit Systems Protection Board on a claim that he was fired because of protected whistleblowing activities. *See* Def.'s Notice of Supp. Authority [Dkt. # 116], Ex. 2 (*Cross v. Smithsonian Institution*, Dkt. No. DC-1221-06-0039 (MSPB May 9, 2007)).  The Smithsonian has filed a motion for summary judgment on the theory that *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), precludes "mixed motive" retaliation claims under Title VII and that, having proved his discharge was because of whistleblowing, Mr. Cross cannot also claim it was because of Title VII protected activity.

Two wrongs do not make a right and a single action can, indeed, violate two separate statutes.  A "mixed motive" situation is one in which an employer counters a claim of unlawful discrimination with a lawful nondiscriminatory reason for its adverse action. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) (explaining that, in the context of that case, the anti-

discrimination provisions of Title VII applied to "those [employer] decisions based on a mixture of legitimate and illegitimate considerations"). *Gross* held that an employee claiming age discrimination must demonstrate that "but for" the unlawful discrimination, no adverse action would have occurred. *See Gross*, 129 S. Ct. at 2352.

Mr. Cross is not alleging a "mixed motive" here. He claims that the Smithsonian had two unlawful reasons for his termination: 1) his whistleblowing and 2) his Title VII protected activity. Each is separately actionable. The Smithsonian's motion for summary judgment [Dkt. # 118] will be denied.

Mr. Cross has also filed a motion for summary judgment in a renewed attempt to prevent the Smithsonian from introducing after-acquired evidence. *See* Dkt. # 120. The Court found that there were material facts in dispute with respect to this issue in a July 17, 2009 Order denying each party's prior motion for summary judgment. *See* Order [Dkt. # 106]. There have been no changes of fact in the interim, therefore, Mr. Cross's motion will be denied. A memorializing order accompanies this memorandum opinion.


Date:  March 11, 2010                                  /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge