UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D. CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1253 (RMC) |
| | ) |
| G. WAYNE CLOUGH, Secretary, | ) |
| Smithsonian Institution, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDED PRE-TRIAL STATEMENT

In light of the Court's rulings during the June 4, 2010, pre-trial conference, Plaintiff hereby submits these amendments to his pre-trial statement.

### Jury Instructions

Plaintiff agrees with the Court's analysis regarding excluding the MSPB matter. Accordingly, Plaintiff hereby <u>withdraws</u> his proposed jury instruction, "Motivating Factor." This is the only reference to Plaintiff's MSPB matter in the proposed instructions. Plaintiff also hereby <u>withdraws</u> his proposed jury instruction, "After Acquired Evidence – First Instruction." This is the only reference to Plaintiff's reinstatement in the proposed instructions.

Plaintiff does <u>not</u> understanding that Plaintiff is prohibited from admitting Plaintiff's reinstatement into evidence. At this time, however, Plaintiff does not intend to introduce evidence regarding his reinstatement.

### Witnesses

Plaintiff withdraws <u>James McLaughlin</u> and <u>James Douglas</u> as witnesses.

Plaintiff seeks to call Gen. John Dailey (Ret.) in his case in chief. Plaintiff noted in the joint pre-trial submission that he reserved the right to call any witnesses listed by Defendant.

Plaintiff seeks clarification of the Court's ruling on whether Bayne Rector may testify.[1] If the Court excludes Mr. Rector's testimony, Plaintiff notes his objections and requests reconsideration. Plaintiff did not have an opportunity to discuss with the Court the import of Mr. Rector's testimony. Mr. Rector heard Mr. Alison make statements against interest, such as calling Plaintiff a "troublemaker" and repeatedly referring to Plaintiff as a problem and an instigator. Mr. Rector observed that Mr. Alison was openly contemptuous towards Plaintiff and that he saw in Mr. Alison a drastic change of attitude towards Plaintiff after Plaintiff's protected activity. Mr. Rector also had a conversation with Gen. Dailey about the issues at the facility where he notified Gen. Dailey that Mr. Alison was about to fire Plaintiff because Plaintiff made disclosures to the Ombudsman and because Plaintiff supported Ms. Hutton.

Should the Court deny Mr. Rector's testimony, Plaintiff reserves the option to call Mr. Rector in rebuttal.

June 14, 2010                                          Respectfully submitted,

                                                  /s/ Kristin D. Alden
Kristin D. Alden
D.C. BAR # 435227
The Alden Law Group, PLLC
2600 Virginia Ave., NW, Suite 512
Washington, DC 20037
Tel: 202-783-1391
Fax: 202-783-1392

---

[1] Plaintiff conferred with Defendant's counsel regarding the Court's ruling of Mr. Rector's testimony. The parties have conflicting understandings. Plaintiff obtained a copy of the transcript of the pre-trial conference, but the record is unclear. Defendant objects to any effort by Plaintiff to expand the Court's ruling with regard to Mr. Rector's testimony.